IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-60,830-03





 


EX PARTE MATTHEW JOSEPH DOBRENICH, Applicant










ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NUMBER 857578-B IN THE 208TH JUDICIAL

DISTRICT COURT HARRIS COUNTY 



 



 Per curiam.

 

O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to indecency with a child and was sentenced to a term of fifteen
years in prison. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant argues that his plea was not
voluntary, that counsel was rendered ineffective, and that he was denied his right to confront
witnesses. All of Applicant's claims are based on discussions the trial judge may have had
regarding Applicant's case that were not in open court or revealed to either trial counsel or
the State prior to sentencing. The same trial judge has recommended that relief be denied. 
Also before this Court are Applicant's motions to remand the case for further fact finding and
to recuse the trial judge from presiding over the habeas proceeding. 

 This case shall be remanded for further proceedings. The trial court is instructed to
follow the Texas constitutional provisions and statutes regarding recusal. See Tex. Const.
art. V § 11; Tex. Code Crim. Proc. art. 30.01, 30.02; Tex. Gov't Code § 74.059. The trial
court shall request the presiding judge to assign another judge to hear the recusal motion and
a written record shall be made of the hearing on the recusal motion. Tex. Gov't Code §
74.059.

 After the hearing on the motion to recuse and in the event and upon the appointment
of a new judge to hear the merits of this case, the trial court shall resolve the issues presented
in Applicant's application for a writ of habeas corpus as set out in Article 11.07, Section
3(d), of the Texas Code of Criminal Procedure, by holding an evidentiary hearing. Following
the evidentiary hearing, the trial court shall determine and make written findings whether
Applicant's plea was involuntary, whether Applicant was denied the effective assistance of
counsel, and whether Applicant was denied the right to confront witnesses. The trial court
shall also make any further findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's application for habeas corpus relief. 

 Applicant is currently represented by counsel. In the event that Applicant is not
represented by counsel, though, the trial court shall decide whether Applicant is indigent. 
If the trial court finds that Applicant is indigent, and Applicant desires to be represented by
counsel, the trial court will then, pursuant to the provisions of Article 26.04 of the Texas
Code of Criminal Procedure, appoint an attorney to represent him at the hearing on the
motion to recuse and at any subsequent evidentiary hearing.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. Resolution of
the issues shall be accomplished by the trial court within 90 days of the date of this order. (1) 
A transcript containing the transcription of the court reporter's notes from the recusal hearing
and any subsequent evidentiary hearing along with any findings of fact and conclusions of
law of the trial court, shall be returned to this Court within 120 days of the date of this order. (2)




DELIVERED: FEBRUARY 15, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.